RUSSELL EVANS AND VICTORIA HILBUN ON BEHALF OF THE ESTATE OF JOYCE EVANS, ALBERT KNIGHT, RACHEL BRILL, AND RENEE WILLIAMS, on behalf of themselves and all others similarly situated,

          Plaintiff,

   v.

UNITED STATES OF AMERICA SOCIAL SECURITY ADMINISTRATION,

          Defendant.

Case No.: 1:25-cv-00927-BAH

## PLAINTIFF'S STATUS REPORT

Plaintiffs Russell Evans and Victoria Hilbun on behalf of the Estate of Joyce Evans, Albert Knight, Rachel Brill, and Renee Williams (the "Plaintiffs") by and through their undersigned counsel, pursuant to the Court's Order of October 10, 2025 (ECF No. 28), submit this Status Report and state as follows:

1. The Plaintiffs filed their Complaint on March 20, 2025. ECF No. 1. Defendant U.S. Social Security Administration (the "Defendant") filed its Motion to Dismiss on August 14, 2025. ECF No. 22. The Plaintiffs subsequently filed their First Amended Complaint on August 28, 2025. ECF No. 23.

2. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired. Accordingly, on October 9, 2025, the Defendant filed

an Unopposed Motion for Stay of All Case Deadlines in Light of Lapse of Appropriations. ECF No. 27.

3. On October 10, 2025, the Court issued an Order on the Motion to Stay ordering that before the expiration of the 30-day period, the parties confer and file a status report and proposed schedule for resuming the proceedings including the position of opposing counsel.[1] ECF No. 28.

4. Counsel for the Parties have discussed a schedule for this case, but were unable to agree on a proposed schedule for resuming proceedings beyond the scheduling for Defendant to file its response to the Plaintiffs' Amended Complaint and subsequent briefing. Defendant opposes Plaintiffs' proposed schedule.

5. This consumer protection class action asserts that Defendant's practice of misreporting living consumers as deceased, as more fully set forth below, systemically and routinely violates the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA") and the Privacy Act of 1974 ("Privacy Act") and seeks recovery for the thousands of other consumers who have been harmed by Defendant's practice of misreporting living consumers as deceased. As is customary in these cases, the Parties first explore whether class certification is appropriate under Rule 23, the size of any class sought to be certified by this Court, which discovery is followed by a motion for class certification. Thereafter, as is customary, discovery continues into the merits of the claim of the Plaintiffs and class. Plaintiffs contend that, as in their cases, when Defendant misreports a living consumer as deceased, the subject consumer becomes instantly financially paralyzed as they lose access to all of their rights and benefits.

6. Defendant provides well-known services ranging from retirement, disability, and

---

[1] On the evening of November 12, 2025, the President signed a Continuing Resolution that ended the government shutdown. Funding to the Department was restored effective November 13, 2025.

survivor benefits to consumers within the United States. Outside of the administration of benefits, another key function of the Social Security Administration is the ownership and maintenance of the Death Master File ("DMF") and Limited Access Death Master File ("LAMDF") database. The DMF contains "over 83 million records of deaths that have been reported to SSA. This file includes the following information on each decedent, if the data are available to the SSA: social security number, name, date of birth, and date of death."[2] The DMF includes consumer information, such as "names, Social Security numbers, dates of birth, dates of death, and last known addresses of individuals."[3]

7. Defendant collects death records and imports them into the DMF for the purpose of selling such records to third parties. When Defendant prepared these records for Plaintiffs and similarly situated consumers, it marked these consumers as deceased without proof (in that it does not require a death certificate or other proof from data sources prior to marking a consumer as deceased), verification, or safeguards and continued to share this information with third parties. Defendant is aware of tens of thousands of consumers who it erroneously reports as deceased on an ongoing basis and does not perform any verification of the death records it receives from its sources before positing them to the DMF, notwithstanding the knowledge of that devastating consequences that can occur. Plaintiffs contend that notwithstanding lodging disputes, Defendant never contacted the entity responsible for providing the original erroneous death record misreporting, never permanently removed the death record from Plaintiffs' files, and never reported the corrected record to the entities whom it had previously provided the death records. As such, Plaintiffs continued to be denied their benefits, wasted time and efforts lodging futile

---

[2] Limited Access Death Master File available at https://dmf.ntis.gov/ (last accessed December 9, 2025)
[3] Overview of Death Master File Certification (DMF), May 29, 2024, 360ADVANCED available athttps://360advanced.com/overview-of-the-death-master-file-dmf-certification/ (last accessed December 9, 2025).

disputes, lost medical coverage, and resulted in significant emotional distress.

8.      Plaintiffs anticipate that, in addition to an examination of Defendants' procedures for obtaining information about consumers and assembling that information into consumer reports via written discovery and depositions, which are relevant to the merits of his claim under FCRA section 1681e(b), discovery will involve extensive analysis of electronically stored information Defendant obtained from sources about Plaintiffs and class members and the information Defendant subsequently published about them, which will be relevant to the class elements of FED. R. CIV. P. 23(a) and 23(b)(3).

9.      Plaintiffs anticipate that it could require several months to compile the information. Third-party discovery will likely include subpoenas for documents to Plaintiffs' lenders and one or more of Defendants' information providers (furnishers of the death notification); third party depositions may also be necessary. After an appropriate period of discovery, which may include expert reports and testimony, Plaintiffs anticipate filing a motion for class certification consistent with the proposed schedule, below.

10.     This matter has been in the pleadings stage for almost nine months, including the time period covered by the lapse in appropriations and shutdown. Plaintiffs, through no fault of their own, have been prejudiced by these delays. Establishing a schedule at this stage will not prejudice any party and is fully consistent with resuming proceedings in an efficient and predictable manner.

| Event | Proposed Deadline |
|---|---|
| Parties Exchange FED. R. CIV. P. 26(a) disclosures | December 22, 2025 |
| Defendant's Response to Plaintiffs' Amended Complaint: | December 22, 2025 |

| | |
|---|---|
| Plaintiffs' Response to Defendant's Answer/Motion: | January 22, 2026 |
| Defendant's Reply in Support of its Response: | February 5, 2026 |
| Plaintiffs' Motion for class certification on or before: | August 21, 2026 |
| Defendant's opposition to class certification: | September 7, 2026 |
| Plaintiffs' reply in support of class certification | September 21, 2026 |
| Completion of all fact discovery: | December 1, 2026 |
| Disclosure of expert(s) by parties with the burden of proof: | January 4, 2027 |
| Disclosure of rebuttal expert(s): | February 4, 2027 |
| Completion of expert discovery: | April 5, 2027 |
| Deadline to file dispositive motion(s) | May 3, 2027 |
| Oppositions to dispositive motion(s): | May 17, 2027 |
| Replies in support of dispositive motion(s) | June 1, 2027 |

11. Individuals harmed by the Defendant's practices above regularly contact Plaintiffs' counsel, confirming that any further delay is prejudicial and not merely conjectural. Given the delay in this matter and consistent with the Local Rule 104.4 relating to Discovery, Plaintiff respectfully requests that discovery in this matter commence according to the proposed schedule above.

By: /s/ *James A. Francis*
FRANCIS MAILMAN SOUMILAS, P.C.
James A. Francis (pro hac vice)
John Soumilas (pro hac vice)
Lauren KW Brennan (pro hac vice)
Maria del Pilar Castillo (pro hac vice)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
Email: jfrancis@consumerlawfirm.com

Email: jsoumilas@consumerlawfirm.com
Email: lbrennan@consumerlawfirm.com
Email: pcastillo@consumerlawfirm.com

Michael J Belsky
Schlachman, Belsky, Weiner & Davey, PA
300 E Lombard St Ste 1100
Baltimore, MD 21202
Telephone: (410) 685-2022
Email: mbelsky@sbwlaw.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of December 2025, I electronically served a copy of the foregoing Joint Status Report on all parties receiving CM/ECF notices in this case.

/s/ James A. Francis
James A. Francis