**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RUSSELL EVANS ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | Civil No. 25-927-BAH |
| UNITED STATES OF AMERICA SOCIAL SECURITY ADMINISTRATION, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Russell Evans and Victoria Hilbun, on behalf of the estate of Joyce Evans, Albert Knight, Rachel Brill, and Renee Williams (collectively, "Plaintiffs") brought suit on behalf of a putative class of similarly situated individuals against the United States of America Social Security Administration ("SSA"). ECF 23 (amended complaint). Plaintiffs bring two class claims under the Fair Credit Reporting Act ("FCRA") and three class claims under the Privacy Act of 1974 ("Privacy Act"). *Id.* Pending before the Court are Plaintiffs' and Defendant's responses to this Court's order to show cause as to why this case should not be stayed pending the outcome of related litigation in the Fourth Circuit. *See* ECF 40 (order); ECF 41 (Plaintiff's response); ECF 42 (Defendant's response).

## I. BACKGROUND

On July 30, 2025, Judge Nachmanoff in the Eastern District of Virginia issued a memorandum opinion and order in *Doe v. Patel*, No. 1:24-cv-02365-MSN-IDD, 2025 WL 2161201, at *2–3 (E.D. Va. July 30, 2025), in which the court granted the defendant's motion to dismiss the complaint and held that the Federal Bureau of Investigation ("FBI") is not a consumer

reporting agency for the purposes of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. The plaintiff in *Doe v. Patel* filed a notice of appeal on August 29, 2025. *See* No. 1:24-cv-02365-MSN-IDD, at ECF 31. The parties fully briefed the appeal. *See* No. 25-2028, ECF 12 (plaintiff-appellant's opening brief); ECF 20 (defendant-appellee's response); ECF 25 (plaintiff-appellant's reply). The Court of Appeals for the Fourth Circuit held oral argument on October 27, 2026. The question before the Fourth Circuit panel is: "Whether the district court erred in dismissing Fair Credit Reporting Act Claims related to FBI's assembly of consumer information into reports to be used for employment and licensing purposes." *See* United States Court of Appeals for the Fourth Circuit, Oral Argument Calendar for October 27, 2026, to October 30, 2026, at 3 (Oct. 26, 2026) https://perma.cc/7WY7-VUXH.[1]

Upon review of Judge Nachmanoff's opinion in *Doe v. Patel*, No. 1:24-cv-02365-MSN-IDD, 2025 WL 2161201 (E.D. Va. July 30, 2025), and the pending appeal, the Court determined that the Fourth Circuit's resolution of that appeal would, at minimum, help to clarify the issues central to the pending motion to dismiss in this case. On October 27, 2026, the Court ordered the parties to show cause as to why the Court should not stay this case pending the outcome of the appeal in *Doe v. Patel*. ECF 40. Both Plaintiffs and Defendant responded to the order to show cause. *See* ECF 41; ECF 42.

Plaintiffs argue that the case should not be stayed for two reasons. First, Plaintiffs note that their Privacy Act claims will be unaffected by the appeal in *Doe*. ECF 41, at 2. Second, Plaintiffs argue that this case "differs foundationally on the facts that drive resolution of the issue of FCRA coverage." *Id.* Specifically, Plaintiffs argue that the two cases feature divergent facts,

[1] A recording of the oral argument is found at https://www.youtube.com/watch?v=tvImHqmlyw4 (last visited October 28, 2026). The relevant argument begins at 1:34:28.

as this case concerns data collected by Defendant "for entirely different purposes than the law enforcement purpose at issue in *Doe*." *Id.* at 3. Additionally, Plaintiffs argue, there is more substantial case law concerning whether the FBI may be regulated as a consumer reporting agency, but no analogous case law regarding SSA as a consumer reporting agency. *Id.*

In contrast, Defendant is in favor of a stay of proceedings, arguing that *Doe* "presents the same consumer reporting agency question" and noting that Defendant has relied on the same authorities for its argument as did the District Court in *Doe*. ECF 42, at 1–2. Defendant further contends that "the type of record does not change the legal question," as in both cases the plaintiff "contends that a federal agency's dissemination of records to third parties for eligibility determinations brings the agency within the FCRA" and that both cases concern a dispute over "*which* 'purpose' controls under [15 U.S.C.] § 1681a(f): the purpose for which the agency collects and maintains the information, or the use to which recipients put it." *Id.* at 2 (emphasis in original).

## II. LEGAL STANDARD AND ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Federal courts have sua sponte stayed cases pending the decision of a federal appellate court in a closely related case. *See, e.g.*, *Lento v. Altman*, Civ. No. 24-5150, 2024 WL 4754761, at *3 n.9 (D.N.J. Nov. 12, 2024) ("Where the outcome of a case in one federal court could be dispositive of the issues in another federal court case, a district court may exercise its discretion to stay the case before it, pending the outcome of the related federal case."); *cf. Amadi v. McManus*, Civ. No. 16-11901-NMG, 2017 WL 11509440, at *1 (D. Mass. June 15, 2017).

The Court finds that a stay is warranted in this case for several reasons. First, while Plaintiffs correctly note that there is more case law regarding the FBI as a consumer reporting agency than regarding SSA, ECF 41, Plaintiffs have also argued in response to Defendant's motion to dismiss that the case law regarding government agencies as consumer reporting agencies was initially underdeveloped and subsequently undermined by *Department of Agriculture Rural Development Rural Housing Service v. Kirtz*, 601 U.S. 43 (2024), *see* ECF 33, at 13–14. Consequently, the Fourth Circuit's clarification of the law with respect to whether government agencies may be regulated as consumer reporting agencies will be, at a minimum, instructive for this case. Second, much of the *Doe* oral argument before the Fourth Circuit centered on the question of how the Court should interpret the "purpose" for which records were assembled and when the Court should determine "assembly" of records to have occurred under 15 U.S.C. § 1681a(f)—which are core questions at the heart of the dispute between the parties. *Compare* ECF 32, at 9–12 (Defendant's motion to dismiss), *with* ECF 33, at 10–16 (Plaintiffs' opposition). Finally, though Plaintiffs are correct that the Fourth Circuit's decision in *Doe* will not resolve Plaintiffs' Privacy Act claims, the decision need not resolve every question before the Court in order for a stay to nonetheless be in the interest of the "economy of time and effort for [the Court], for counsel, and for litigants." *Universal Elections, Inc.*, 729 F.3d at 379.

## III. CONCLUSION

Accordingly, for the foregoing reasons, it is this 19th day of November, 2026, hereby ORDERED that:

1. This case is STAYED pending the appeal in *Doe v. Patel*, No. 1:24-cv-02365-MSN-IDD, 2025 WL 2161201 (E.D. Va. July 30, 2025); and

2. The Parties are DIRECTED to file a status report within seven (7) days of the Fourth Circuit's resolution of the appeal. The status report shall advise the resolution of the appeal and propose to the Court a schedule for any subsequent briefing resulting from the appeal.

/s/
Brendan A. Hurson
United States District Judge